UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREGORY DANIELS,

                    Plaintiff,

vs.                              Case No.  2:08-cv-743-FtM-29SPC

NATIONAL CITY MORTGAGE,

                    Defendant.
_____

**OPINION AND ORDER**

        This matter comes before the Court on defendant's Motion to
Dismiss Complaint (Doc. #25) filed on December 9, 2008.  Plaintiff
filed an Opposition to Motion to Dismiss Amended Complaint (Doc.
#26) on December 19, 2008.  For the reasons set forth below, the
motion is granted, with leave to file a second amended complaint.

**I.**

        In deciding a motion to dismiss under FED. R. CIV. P. 12(b)(6),
the Court must accept all factual allegations in a complaint as
true and take them in the light most favorable to the plaintiff.
Erickson v. Pardus, 551 U.S. 89 (2007); Christopher v. Harbury, 536
U.S. 403, 406 (2002).  "To survive dismissal, the complaint's
allegations must plausibly suggest that the [plaintiff] has a right
to relief, raising that possibility above a speculative level; if
they do not, the plaintiff's complaint should be dismissed."  James
River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274

(11th Cir. 2008)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The former rule -- that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) -- has been retired by Twombly. James River Ins. Co., 540 F.3d at 1274.

Under the Twombly standard, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." 550 U.S. at 555. Generally, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). In addition, Rule 9(b) of the FED. R. CIV. P. requires that claims of fraud be pleaded "with particularity." FED. R. CIV. P. 9(b). This "particularity requirement serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc., No. 07-13421, 2008 U.S. App. LEXIS 22066, at *9 (11th Cir. July 24, 2008) (internal quotations omitted). Alternatively, dismissal is warranted if, assuming the truth of the factual allegations of

plaintiff's complaint, there is a dispositive legal issue which precludes relief. <u>Neitzke v. Williams</u>, 490 U.S. 319, 326 (1989); <u>Brown v. Crawford County, Ga.</u>, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

## II.

In Count I of the one-count Amended Complaint (Doc. #20), plaintiff Gregory Daniels (plaintiff or Daniels) seeks rescission of the note and mortgage he executed with National City Mortgage's predecessor, asserting he was induced to sign those documents based upon fraudulent representations and omissions. National City Mortgage argues that the rescission count must be dismissed for four separate reasons. The Court agrees at least in part with defendant's first and third arguments, and finds that plaintiff will be required to replead his Amended Complaint.

Defendant argues that the rescission claim must be dismissed because plaintiff has an adequate remedy at law for damages. In <u>Cohen v. National City Mortgage</u>, 2:08-cv-00578-FTM-29DNF, 2009 WL 2436595, *2 (M.D. Fla. Aug. 6, 2009), the undersigned found that "a plaintiff is excepted from pleading the absence of an adequate legal remedy 'when the inability of one party to restore [status quo] is caused by the very fraud perpetrated by the other party.' <u>Bass v. Farish</u>, 616 So. 2d 1146, 1147 (Fla. 4th DCA 1993)." In this case, however, plaintiff Daniels has affirmatively pled that he is seeking monetary damages as well as rescission. (Doc. #20,

(¶¶ 28, 30-37.)  The inconsistent pleading requires dismissal of the rescission count.

The Court also finds that although rescission is an equitable remedy under Florida law, <u>Scheurenbrand v. Wood Gundy Corp.</u>, 8 F.3d 1547, 1151 (11th Cir. 1993), it is subject to the heightened requirements of FED. R. CIV. P. 9(b) when the basis for rescission is fraud.  The Amended Complaint fails to provide the required specificity.  Although it refers to false representations, none are specifically set forth.  Certain omissions are set forth at paragraph 19(a) through (e), but (e) provides no specificity at all and the other sub-paragraphs fail to comply with Rule 9(b) .  Rule 9(b), which applies to all of the fraud-based claims, requires a complaint to set forth (1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendants obtained as a consequence of the fraud.  <u>Ziemba v. Cascade Int'l, Inc.</u>, 256 F.3d 1194, 1202 (11th Cir. 2001); <u>Garfield v. NDC Health Corp.</u>, 466 F.3d 1255, 1262 (11th Cir. 2006).  The Amended Complaint is essentially required to identify the "who, what, when, where, and how . . . ." <u>Garfield</u>, 466 F.3d at 1262. "Failure to satisfy Rule 9(b) is a ground for dismissal of a complaint." <u>Corsello v. Lincare, Inc.</u>, 428 F.3d 1008, 1012 (11th Cir. 2005), <u>cert. denied</u>, 127 S. Ct. 42 (2006).

-4-

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Complaint (Doc. #25) is **GRANTED**, the Amended Complaint (Doc. #20) is dismissed without prejudice, and plaintiff is granted leave to file a second amended complaint within **TWENTY (20) DAYS** of the date of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this ___20th___ day of August, 2009.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record